IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-613 LY |
| | § | |
| PEDRO VARGAS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 9, 2012, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On February 7, 2007, the Defendant was sentenced in the Southern District of Texas to 41 months of imprisonment, followed by three years of supervised release, for possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841. On September 9, 2009, the Defendant was released from the Bureau of Prisons and commenced supervised release. On February 10, 2010, jurisdiction over his case was transferred to this district, and the case was assigned to Judge Yeakel.

The Defendant's main problems on supervision have related to drug use. Specifically, on May 24, 2010, the Defendant submitted a urine specimen that tested positive for cocaine. The Court

modified the Defendant's conditions on June 21, 2010, requiring alcohol abstinence.  On July 19, 2010, the Defendant submitted another specimen that was positive for cocaine.  Thus, on September 3, 2010, the Defendant's conditions were modified further, to require that he reside at a halfway house for 120 days.

On January 17, 2011, the Defendant satisfactorily completed his halfway house placement. And on February 24, 2011, he also completed his community service hours, and on April 25, 2011, he was successfully discharged from drug treatment.  The Defendant remained in compliance with his conditions and reported monthly as directed until October 12. 2011, when he failed to report to the Pretrial Office for his monthly report.  The offender's last office visit was on September 9, 2011. On that date, he reported an address change and stated he had moved to Lockhart, Texas, and was employed full-time doing labor work. During this meeting he also submitted a urine specimen that tested positive for opiates. The urine specimen was forwarded for confirmation, and the result of that test was positive for morphine. The Defendant then failed to report to the probation office as directed on October 12, 2011, and absconded from supervision.

On December 9, 2011, the Probation Office filed its Petition for Warrant or Summons for Offender Under Supervision, and the Court issued a warrant that day. The Defendant's whereabouts were unknown until April 28, 2012, when he was arrested by the Austin Police Department on the outstanding warrant. According to the arrest report, officers were responding to a report of a disturbance, a possible fight, and gunshots fired. The location of the disturbance was the Defendant's grandparents' home, where he had resided before he had absconded.  The officers did not recover a weapon nor were they able to get cooperation from those at the residence regarding the disturbance

and who possessed the gun, so no further action was taken, but a warrant search revealed the outstanding supervised release warrant and the Defendant was arrested.

On May 9, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by failing to report as directed, and absconding from supervision.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 7 months of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      SIGNED this 10th day of May, 2012.

                                                   ANDREW W. AUSTIN
                                                   UNITED STATES MAGISTRATE JUDGE